IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:14-CR-3071 |
| vs. | |
| ANTHONY JONES, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (filing 51). The defendant's motion will be denied.

The defendant was convicted, pursuant to a guilty plea, of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2). Filing 46 at 1. The presentence report assessed a 5-level enhancement to the defendant's offense level based on the finding that the defendant's use of peer-to-peer file-sharing technology meant that he had distributed child pornography expecting to receive a thing of value within the meaning of U.S.S.G. § 2G2.2(b)(3)(B). Filing 40 at 8. The defendant moved for a variance, arguing in part that the 5-level enhancement was unwarranted pursuant to the Court's decision in *United States v. Abraham*, 944 F. Supp. 2d 723, 734-35 (D. Neb. 2013). Filing 35 at 8. The Court granted the motion for variance and imposed a 4-level enhancement for distribution pursuant to § 2G2.2(b)(3)(B). Filing 45 at 3-4. The Court calculated a total offense level of 30 and an advisory guidelines range of 108 to 135 months, but varied downward and imposed a below-guidelines sentence of 90 months' imprisonment. Filing 45 at 1; filing 46 at 3.

The defendant moves for a sentence reduction pursuant to § 3582(c)(2), which provides that the Court may modify a term of imprisonment if the

"defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The defendant relies on Amendment 801 to the Sentencing Guidelines, which amended § 2G2.2: that section now provides that the 5-level increase is warranted "[i]f the defendant distributed in exchange for any valuable consideration," and

> "The defendant distributed in exchange for any valuable consideration" means the defendant agreed to an exchange with another person under which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other person, such as other child pornographic material, preferential access to child pornographic material, or access to a child.

§ 2G2.2(b)(3)(B) and cmt. n.1. The defendant argues that Amendment 801 applies retroactively, and that under the amended guideline, the enhancement would not have been applicable. Filing 51 at 6.

The Sentencing Commission has not made Amendment 801 retroactive. A sentence reduction pursuant to § 3582(c)(2) is not a resentencing: § 3582(c)(2) authorizes "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States, 560 U.S. 817, 826 (2010)*. The Court is constrained by the Commission's statements dictating by what amount the sentence of a prisoner serving a term of imprisonment affected by an amendment may be reduced. *Id.* Because § 3582(c)(2) authorizes a reduction *only* if it is consistent with policy statements issued by the Sentencing Commission, the Court must determine

that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted. *Dillon*, 560 U.S. at 826; *see*, *United States v. Higgins*, 584 F.3d 770, 772 (8th Cir. 2009); *United States v. Starks*, 551 F.3d 839, 842-43 (8th Cir. 2009).

"If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C. § 994(u). In other words, the retroactivity decision is left to the Commission's discretion. *United States v. Hernandez*, 18 F.3d 601, 602 (8th Cir. 1994). And because a sentence reduction pursuant to § 3582(c)(2) must be consistent with the Commission's policy statements, only amendments enumerated in § 1B1.10(d) may be applied retroactively. *Hernandez*, 18 F.3d at 602; *United States v. Dowty*, 996 F.2d 937, 938-39 (8th Cir. 1993). Amendment 801 is not such an enumerated amendment. § 1B1.10(d). Accordingly,

> IT IS ORDERED that the defendant's motion for a sentence reduction (filing 51) is denied.

Dated this 12th day of May, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge